IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

**SABRINA SANFORD**                                                                 **PLAINTIFF**

vs.                                            No. 2:21-cv-121

**MINSK HOSPITALITY MANAGEMENT, LLC,**                          **DEFENDANTS**
**AMARILLO HOSPITALITY GROUP, LLC,**
**and JIJU THOMAS VITHAYATHIL**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Sabrina Sanford ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Minsk Hospitality Management, LLC, Amarillo Hospitality Group, LLC, and Jiju Thomas Vithayathil (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Amarillo Division of the Northern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Potter County.

6. Separate Defendant Minsk Hospitality Management, LLC ("Minsk Hospitality"), is a domestic limited liability company.

7. Minsk Hospitality's registered agent for service of process is Jiju Thomas Vithayathil, at 3411 I-40 West, Amarillo, Texas 79109.

8. Separate Defendant Amarillo Hospitality Group, LLC ("Amarillo Hospitality"), is a domestic limited liability company.

9. Amarillo Hospitality's registered agent for service of process is Jiju Thomas Vithayathil, at 3411 I-40 West, Amarillo, Texas 79109.

10. Separate Defendant Jiju Thomas Vithayathil ("Vithayathil") is an individual and, upon information and belief, is a resident of California.

11. Defendants do business as Extend A Suites.

12. Defendants, in the course of their business, maintain a website at https://extendasuites-hotel.business.site/?utm_source=gmb&utm_medium=referral.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendants own and operate a hotel in Amarillo.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wage policies and set schedules for employees through unified management.

16. Upon information and belief, the revenue generated from Minsk Hospitality and Amarillo Hospitality was merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18. Vithayathil is a principal, director, officer, and/or owner of Minsk Hospitality and Amarillo Hospitality.

19. Vithayathil took an active role in operating Minsk Hospitality and Amarillo Hospitality and in the management thereof.

20. Vithayathil, in his role as an operating employer of Minsk Hospitality and Amarillo Hospitality had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

21. Vithayathil, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

22. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

24. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

25. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

26. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

28. Plaintiff was employed by Defendant from August of 2020 until December of 2020.

29. Plaintiff was initially employed by Defendant to work at the front desk as a receptionist, but after a month, Plaintiff was promoted to Hotel Manager.

30. While Plaintiff worked as Hotel Manager, she was classified by Defendant as exempt from the overtime requirements of the FLSA and was paid an hourly wage.

31. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

32. Plaintiff regularly handled or was involved with the instrumentalities of interstate commerce such as using cell phone, credit cards and the internet.

33. As a Hotel Manager, Plaintiff's primary duties were to run the front desk, check guests in and out, collect payments, deposit funds, track inventory, order supplies, etc.

34. At all times, Defendant paid Plaintiff a guaranteed salary of $675 per week.

35. Defendant also paid bonuses.

36. Defendant paid Plaintiff a salary of less than the statutory minimum of $684 per week. *See* 29 C.F.R. § 541.600.

37. Plaintiff regularly worked over forty hours per week.

38. Plaintiff estimates she regularly worked between 60 and 70 hours per week.

39. Plaintiff recorded her time using Defendant's timekeeping system.

40. Defendant knew or should have known that Plaintiff was working hours over 40 each week.

41. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. CAUSE OF ACTION—VIOLATION OF THE FLSA

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

48. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

49. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

50. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sabrina Sanford respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

E. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

        Respectfully submitted,

        **PLAINTIFF SABRINA SANFORD**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com